## *Charles   Taan   and   Sons,   indorsers   of   [*204 Samuel Merrian *against* Peter Le Gaux.

A suit may be brought against the drawer of a bill of exchange, for non-acceptance, before it becomes payable, but the party is not entitled to interest from the notice of protest, nor to the 20 per cent. damages.

The current rate of exchange at the time of trial, must determine the sum to be recovered; if there is no rate, it must be paid at par.

SUIT for non-acceptance of a bill of exchange, drawn by the defendant on Madame Le Gaux, at Paris, for 600 livres tournois, dated 20th November 1787, payable ninety days after sight.

The defendant's hand writing to the bill, and Merrian's indorsement having been proved, the plaintiffs gave in evidence the protest for non-acceptance, dated 29th January 1788, and notice of the protest to the defendant on the 8th May following.

A difficulty arose with respect to the rate of exchange between the cities of Philadelphia and Paris; and it turned out upon enquiry, that there was no settled rate of exchange between those cities. Hereupon the plaintiffs' counsel insisted, that the jury should give them in damages, what the defendant had received for the bill and interest from that period. One of the jurors remarked, that by the usage of merchants, no remedy could be had on a bill of exchange, until it was protested for non-payment.

*Sed per curiam.* It is now settled, that if a bill of exchange is not accepted, an action will lie upon it against the drawer, before the time when it is made payable. The reason given for it is, that what the drawer had undertaken has not been performed, the drawee not having given him the credit which was the ground of the contract.

This has been determined in England, in Bull. Ni. Prius, 269, (edit. 1775,) and Doug. 55. The same doctrine has been laid down in this court, in the case of Duncan Ingraham, jun. indorsee of Cornelius Schenkhouse *v.* Josiah and William Gibbs, tried at the sittings for Philadelphia county in November 1791; and in this very term, between John Freund *v.* John Charles Heilbron. But it is to be observed, that our act of assembly of 12 Will. 3, giving 20 per cent. damages, in case "the bills be returned back unpaid, with a legal pro-"test," no such damages are to be given on a bill protested for non-acceptance, but only interest from the time of notice of protest.

The plaintiffs are entitled to recover such a sum in damages, as would now purchase a bill of exchange for 600 livres tournois at the current rate of exchange, which may turn out to be either greater or less than the sum paid to the drawer,

I YEATES—13

[Taan et al. *v.* Le Gaux.]

according to the rise or fall of exchange; but if there is no current ex*change, the jury can pursue no other safer rule than by giving damages adequate to the rate of exchange at par, and interest from the time of notice of protest.

Verdict *pro quer* for 56l. 12s. 10d. damages.

Mr. Moylan, *pro quer.*

Messrs. Ingersoll and Rawle, *pro def.*